UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYLVESTER STEVENS,

v.                                    Case No. 3:06-cr-374-J-33TEM
                                              3:10-cv-595-J-33TEM

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on the Government's motion to dismiss Stevens' 28

U.S.C. § 2255 motion to vacate, Doc. cv-6; Stevens' motion for default, Doc. cv-8; Stevens'

motion for default judgment, Doc. cv-9; and Stevens' motion to expedite ruling on his 28

U.S.C. § 2255 motion to vacate. Doc. cv-15.  A review of the record demonstrates that, for

the following reasons, **the Government's motion to dismiss must be denied.**

**BACKGROUND**

Stevens timely-filed a motion to vacate, set aside, or correct an allegedly illegal

sentence pursuant to 28 U.S.C. § 2255.  Doc. cv-1; cr-132.[1]  The Court ordered the

_____

[1] The docket numbers cited herein refer to the criminal docket in the underlying related criminal case *United States of America v. Sylvester Stevens*, Case No. 3:06-cr-374-J-33TEM, which is incorporated herein by reference as a part of the complete record of this case.

Government to respond to the motion on or before September 15, 2010. Doc. cv-4. On September 14, 2010, the Government filed its motion to dismiss Stevens' section 2255 motion to vacate. Doc. cv-6. On September 24, 2010, Stevens filed a motion for default Doc. cv-8, and a motion for default judgment. Doc. cv-9.  Stevens contended that the Government had not timely-filed its response, as ordered by this Court. Clearly, Stevens was mistaken, as the docket sheet shows that the Government timely-filed its response.

After the United States Court of Appeals for the Eleventh Circuit decided *Gilbert v. United States,* 609 F.3d 1159 (11th Cir. 2010), this Court ordered the Government to file a supplemental response to Stevens' motion to vacate addressing the issue of whether Stevens was actually innocent of being a career offender. Doc. cv-12. Stevens objected to the Government's filing a supplemental response. Doc. cv-13. The Government filed its supplemental response on November 15, 2010. Doc. cv-14. Then, on December 10, 2010, Stevens filed a motion to expedite ruling on his motion to vacate and motion for a status report. Doc. cv-15.

## PROCEDURAL BACKGROUND

On November 8, 2006, Stevens and one other individual were named in an Indictment charging conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Doc. cr-1. On August 29, 2007, Stevens entered a plea of guilty pursuant to a written plea agreement. Doc. cr-74. On February 27, 2008, Stevens was sentenced to 262 months imprisonment. Doc. cr-94. Stevens did not file a direct appeal.

On July 11, 2008, Stevens filed timely-filed his first 28 U.S.C. § 2255 motion, claiming that his Sixth Amendment right to effective assistance of counsel was violated

when counsel failed to file a notice of appeal, despite Stevens' express desire that he do so. Stevens also asserted that counsel failed to object to his classification as a career offender, which resulted in Stevens' receiving an illegal sentence. The United States conceded that Stevens was entitled to an out-of-time direct appeal, and opposed the remaining claims. Without reaching the merits of the remaining claims in the motion to vacate, the Court granted Stevens an out-of-time appeal. See Case No. 3:08-cv-701-J-33TEM.

Subsequently, the Government filed a motion to dismiss the appeal, relying on Stevens' knowing waiver of appeal that was a part of his plea agreement. Through counsel, Stevens filed a response to the Government's motion to dismiss the appeal, arguing that the waiver could not be valid if it were based on a plea that was unknowing because Stevens relied on erroneous advice of counsel. On March 25, 2010, the appeal was dismissed by the Eleventh Circuit Court of Appeals due to "the valid and enforceable appeal waiver[.]"

On July 8, 2010, Stevens signed the present 28 U.S.C. § 2255 motion to vacate. The petition was filed July 12, 2010.

## DISCUSSION

The gravamen of Stevens' argument involves an outdated prior offense that was used to enhance his sentence as a career offender.  Stevens is correct in stating that one of his prior convictions is more than fifteen years old and should not have been counted. See Presentence Investigation Report (PSR) at ¶35. (Stevens' term of parole ended on October 9, 1990; the ending date of the conspiracy with which he was charged is October 2006.) For purposes of calculating criminal history, prior convictions that are fifteen years

3

old or more are not counted. United States Sentencing Guidelines (USSG) Section 4A1.2(e)(1). Section 4B1.2 addresses qualifying prior convictions for purposes of classification as a "career offender," which also limits the age of qualifying prior convictions to less than fifteen years. See §4B1.2, Application note 3; *see also United States v. Gordon*, 203 Fed.Appx. 318 (11th Cir. 2006) (per curiam).

Stevens was sentenced as a career offender at an offense level 34, with a criminal history category VI, to 262 months incarceration, the low end of the guidelines range of 262 to 327 months. Doc. cr-107 (Transcript of Sentencing Hearing) at 19. However, included in that calculation was Stevens' prior conviction at PSR ¶26(a) which incorrectly states that the date of the conviction was January 26, 1986. The correct date of the conviction is October 10, 1985. PSR ¶35. Parole related to that conviction terminated October 9, 1990, more than fifteen years prior to 2006, the date of the conviction for which Stevens was sentenced in the present case.

Therefore, the conviction at PSR ¶35 does not count in the calculation of Stevens' prior criminal history, and his criminal history category is III, which is comprised of three points for the conviction listed at ¶37 of the PSR and one point for the conviction at ¶38, for a total of four criminal history points, resulting in a criminal history category of III. USSG, Chapter 5A.[2]

---

[2] Stevens claims that one criminal history point was erroneously added for the nolo contendere plea for possession of cannabis at ¶38 of the PSR, Stevens is wrong. Stevens claims that the disposition of this prior case is a diversionary disposition that should not have been counted. However, the sentencing guidelines clearly allow for the addition of one point in such case. The sentencing guidelines, at §4A1.2(f) state:

Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding

The remaining issue is Stevens' offense level.   At the sentencing hearing, the Government conceded PSR ¶18, regarding two firearms located in close proximity to cocaine and other controlled substances at the site of the drug transaction so that the sentence hearing could continue.   In essence, the Government agreed that this two-level relevant conduct would not be added to Stevens' offense level. Doc. cr-107 at 8.   Stevens contended that the firearms belonged to his co-defendant and that "the firearms would not be foreseeable to him."   Had the Government not conceded, a hearing would have been necessary on the firearms issue.

### IS STEVENS' CLAIM COGNIZABLE IN A SECTION 2255 MOTION ?

A threshold issue is whether the claimed error is cognizable in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1233 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988)) (internal quotation and citation omitted). The Eleventh Circuit has generally not allowed a defendant to raise Sentencing Guidelines issues in a § 2255 motion. *Burke v. United States*, 152 F.3d 1329 (11th Cir.1998); *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir.1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing

---

or admission of guilt, **or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered,** except that diversion from juvenile court is not counted. (Emphasis added in bold.)

Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." (citation omitted)). Reading the § 2255 motion liberally, the Court construes Stevens' claim to be that his sentence is unconstitutional because it was based on the misapplication of the Sentencing Guidelines. As a constitutional challenge to the sentence, the claim is cognizable. *See Williams v. United States*, 2008 WL 4405078 at *2 (M.D. Fla. Sept. 26, 2008).

## MERITS

Stevens argues that his criminal history computation was incorrect because he was assessed points under the Sentencing Guidelines for a conviction that was too old. Because of this, Stevens asserts that his resulting sentence was greater than the correct Sentencing Guidelines range, and therefore unconstitutional. The Court finds that this claim has merit.

## NEW SENTENCING REQUIRED

While the Court has determined that Stevens' criminal history category is III, the Court cannot determine the offense level.  In its response to Stevens' motion to vacate, the Government "added back" the two levels for the firearms (see PSR ¶18) to reach an offense level of 35.  This was not the offense level to which the parties agreed at the sentencing hearing.

Accordingly, the Court orders:

1. That each party shall submit a sentencing memorandum on or before January 5, 2011, addressing the offense level issue.

2. That the Government's motion to dismiss Stevens' § 2255 motion (Doc. cv-6) is denied.

3. That Stevens' motion for default (Doc. cv-8) and Stevens' motion for fault judgment (Doc. cv-9) are denied.

4. That Stevens' motion to expedite ruling on his § 2255 motion (Doc. cv-15) is granted in accordance with this motion.

ORDERED at Tampa, Florida, on December 15, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Russell C. Stoddard
Sylvester Stevens